IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CV-09-13-BLG-RFC-CSO |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |
| RONALD and BEVERLY OHLIN; STATE OF MONTANA, DEPT. OF REVENUE; and PORTFOLIO RECOVERY ASSOCIATES, LLC, | |
| Defendants. | |

Plaintiff United States of America initiated this action on

February 12, 2009, to foreclose federal tax liens and judgment liens

upon certain real property in Yellowstone County, Montana.  Cmplt.

(Court Doc. 1) at ¶¶ 2, 13-17.  The United States also seeks to enforce

the terms of a settlement agreement reached in a prior case in this

Court between the United States and Ronald and Beverly Ohlin (U.S. v.

Ohlin, CV 02-31-BLG-RFC ("Ohlin I")).  Court Doc. 1 at ¶¶ 18-24.  The

Court has jurisdiction under 26 U.S.C. § 7402(a) and 28 U.S.C. §§ 1340

and 1345.

Defendant State of Montana Department of Revenue previously

entered a stipulation consenting to entry of a Judgment, Decree of
Foreclosure, and Order of Sale.  Court Doc. 12.  Also, the undersigned
has recommended that the district court grant the United States's
motion for default judgment against Defendant Portfolio Recovery
Associates, LLC.  Court Doc. 41.  Thus, only Defendants Ronald and
Beverly Ohlin ("the Ohlins"), appearing pro se, remain defending this
action.  Now pending before the Court is the United States's Motion for
Summary Judgment.  Court Doc. 21.

I.    PROCEDURAL BACKGROUND

On May 8, 2009, the United States moved for summary judgment.
Court Docs. 21 (motion), 22 (statement of facts), 23 (supporting brief),
24 (declaration of Curtis C. Smith), and 25 (declaration of William E.
Thompson, Jr.).

On June 11, 2009, the Court conducted a preliminary pretrial
conference with counsel for the United States and Plaintiffs Ronald and
Beverly Ohlin, who appeared pro se.  Court Doc. 36.  The Court issued a
Scheduling Order.  Court Doc. 37.  The Court also issued an Order
granting the Ohlins' unopposed motion for additional time to respond to
the United States's summary judgment motion.  Court Doc. 38.  The

Court afforded the Ohlins three additional months – until September 9, 2009 – to file their response to the United States's summary judgment motion.  Id.

On September 11, 2009, the Ohlins filed a Motion to Delay Pending Completion of Discovery.  Court Doc. 39.  Over the United States's objection (Court Doc. 40), the Court granted the Ohlins' motion, but only to the extent the Ohlins requested additional time to retain counsel.  Court Doc. 41.  The Court imposed a November 17, 2009, deadline for the Ohlins's retained counsel, if any, to file a notice of appearance.  The Court also advised the Ohlins that if they were unsuccessful in retaining counsel, "no further extensions will be granted and the Court immediately will proceed to address the merits of the United States' motion for summary judgment."  Id. at 7.

The Ohlins neither timely responded to the United States's summary judgment motion nor notified the Court that they had retained counsel.  Instead, on November 18, 2009, the Ohlins filed a Motion for Leave to File Ammended (sic) Answer and Affirmative Defense.  Court Doc. 42.  The United States opposed the motion.  Court Doc. 43.

In an Order filed December 1, 2009, the Court denied the Ohlin's

motion and advised that it would proceed to address the merits of the

United States's summary judgment motion.  Court Doc. 44.

II.   BACKGROUND FACTS

The following background facts are from the United States's

Statement of Facts filed on May 8, 2009.  Court Doc. 22.  The Ohlins

have not responded to the United States's summary judgment motion

and have represented that they "do not dispute the figures represented

by the plaintiff's evidential documentation."  See Mtn. to Delay (Court

Doc. 29) at ¶ 9.  Thus, the undisputed background facts are as follows:

A.   Ownership of the Real Property by the Ohlins

1.  On November 17, 2000, a Warranty Deed was recorded with the

Clerk and Recorder for Yellowstone County, in which Lois M. Ohlin

conveyed the property commonly referred to as 1856 S. 7th, Huntley,

Montana ("the real property") to Ronald and Beverly Ohlin, as joint

tenants with right of survivorship.  See Smith Decl. at ¶3, Ex. 1.  This

property bore the legal description as follows:

> South half of the Southeast Quarter of the Northwest
> Quarter (S½SE¼NW¼) and the East Half of the Southwest
> Quarter (E½SW¼) of Section twenty-one (21) and farm unit

"G", according to the farm unit plat, which is also known as Lots eight (8) and thirteen (13) and the Southeast Quarter of the Southwest Quarter (SE¼SW¼) of Section sixteen (16) and the Northeast Quarter of the Northwest Quarter (NE¼NW¼) and the North Half of the Southeast Quarter of the Northwest Quarter (N½SE¼NW¼) of Section Twenty-one (21) all in Township two (2), North of Range Twenty-eight (28) East, M.P.M.

Less:      that Tract sold to the State of Montana, by Deed dated February 18, 1966, and recorded at Book 836, Page 256 at Doc #774523 of Records, Yellowstone County, Montana, on March 15, 1966, located in the NE¼SW¼¼ and SE¼NW¼ of Section 21, T2N, R28E, Montana Principal Meridian, Yellowstone County, Montana.

Less:      Tract 1, Certificate of Survey 1317;

Less:      Certificate of Survey 1508
           Subject to the reservations and exceptions in any patent, and subject to valid easements, rights-of-way, building and use restrictions, taxes and assessments for this and subsequent years.

Id.

      B.    <u>Assessment and Recording of Notices of Federal Tax Liens</u>

2. A duly authorized delegate of the Secretary of the Treasury, in accordance with law, made timely income tax assessments jointly against defendants Ronald Ohlin and Beverly Ohlin, on the dates, for the tax years, and in the amounts as follows:

| Year | Type of Tax | Assessment Dates | Amounts Outstanding[1] |
|------|-------------|------------------|------------------------|
| 1987 | Income | 04/15/91 | $21,713.98 |
| 1988 | Income | 04/15/91 | $ 6,426.71 |
| 1993 | Income | 07/03/95; 08/25/97[2] | $ 9,829.29 |
| 1994 | Income | 06/26/95; 08/25/97[3] | $ 6,282.74 |

See Smith Decl at ¶4, Ex. 2.

3.  A duly authorized delegate of the Secretary of Treasury, in accordance with law, made timely income tax assessments against Ronald Ohlin, individually, on the dates, for the tax years, and in the amounts as follows:

| Year | Type of Tax | Assessment Dates | Amounts Outstanding[4] |
|------|-------------|------------------|------------------------|
| 1990 | Income | 08/25/97 | $51,667.25 |

---

[1] These amounts included statutory interest and accrued penalties as of January 13, 2002.  See Ohlin I Complaint at ¶12, fn1-2.

[2] For the tax year 1993, the Ohlins were assessed on July 3, 1995 per their jointly filed tax return.  A subsequent examination of the 1993 tax year yielded a subsequent assessment on August 25, 1997.

[3] For the tax year 1994, the Ohlins were assessed on June 26, 1995 per their jointly filed tax return.  A subsequent examination of the 1994 tax year yielded a subsequent assessment on August 25, 1997.

[4] These amounts included statutory interest and accrued penalties as of January 13, 2002.  See Ohlin I Complaint at ¶13, fn3.

| | | | |
|---|---|---|---|
| 1995 | Income | 08/25/97 | $10,668.12 |
| 1996 | Income | 05/15/00 | $ 4,038.67 |
| 1997 | Income | 05/15/00 | $ 3,056.51 |

See Smith Decl at ¶5, Ex. 3.

4.  A duly authorized delegate of the Secretary of Treasury, in accordance with law, made timely income tax assessments against Beverly Ohlin, individually, on the dates, for the tax years, and in the amounts as follows:

| Year | Type of Tax | Assessment Dates | Amounts Outstanding[5] |
|---|---|---|---|
| 1995 | Income | 08/25/97 | $ 3,247.26 |
| 1996 | Income | 05/15/00 | $ 3,543.84 |
| 1997 | Income | 05/15/00 | $12,093.40 |

See Smith Decl at ¶6, Exs. 4.

5.  The Internal Revenue Service filed Notices of Federal Tax Lien with the Clerk and Recorder for Yellowstone County, Montana, against defendants Ronald Ohlin and Beverly Ohlin, for assessments for the tax years 1987, 1988, 1990, 1993 1994, 1995, 1996, and 1997.  See Smith

---

[5]These amounts included statutory interest and accrued penalties as of January 13, 2002.  See Ohlin I Complaint at ¶14, fn4.

Decl. at ¶7, Ex. 5.  These notices were filed as early as August 28, 1998, for the tax years 1987, 1988, 1990, 1993, 1994, and 1995.  See id at pgs. 2-5.  The notices of refiling have also been included.  Id at pgs. 8, 9, 17, 19, 20-23.[6]

      C.    <u>Lawsuit and Settlement Agreement</u>

      6.  On March 6, 2001, the United States filed the complaint in U.S. v. Ohlin, (Case No.1:02-cv-00031-RFC (D. Mont.)) ("Ohlin I") in the United States District Court, District of Montana, Billings Division, against defendants Ronald and Beverly Ohlin to reduce the federal tax assessments, described in paragraphs 2-4 to judgment.

      7.  On July 14, 2004, Ronald and Beverly Ohlin, through their counsel, submitted an offer to fully settle Ohlin I. See Smith decl at ¶8, Ex. 6.  In pertinent part, this letter offers to settle Ohlin I as follows:

      (a)  Judgment would be entered against Ronald Ohlin in the

        amount of $110,000.00 for the assessments made against him

        jointly for the 1987, 1988, 1993, and 1994 tax years and against

---

     [6]Some of these liens were erroneously released, and refiled with a Revocation of Certificate of Release of Federal Tax Lien.  See id. at pgs. 12-14, 24, 25, 27-32.

him individually for the 1995, 1996, and 1997 tax years

(b)  Judgment would be entered against Beverly Ohlin in the amount of $63,071.60 for the assessments made against her jointly for the 1987, 1988, 1993, and 1994 tax years and individually for the 1995, 1996, and 1997 tax years.

(c)  Ronald and Beverly Ohlin would sell or mortgage the property located at 1856 S. 7th, Huntley, Montana (i.e., the "real property") within 18 months from the date of acceptance of the offer, and the Ohlins would pay the proceeds of the sale or mortgage to the United States.

(d)  If the Ohlins did not sell or mortgage the real property within 18 months after the date the offer was accepted, the United States would be permitted to sell the real property pursuant to an Order of Foreclosure and Decree of Sale.

Id.

8.  On August 4, 2004, the United States accepted the settlement offer.  The settlement provided in relevant part:

(a) Judgment would be entered against Ronald Ohlin in the amount of $110,000.00, plus interest to begin 6 months from the entry of

judgment, for the income tax assessments made against him jointly

for the 1987, 1988, 1993, and 1994 tax years and against him

individually for the 1995, 1996, and 1997 tax years;

(b) Judgment would be entered against Beverly Ohlin in the

amount of $63,071.60, plus interest to begin 6 months from the

entry of judgment, for the assessments made against her jointly for

the 1987, 1988, 1993, and 1994 tax years and against her

individually for the 1995, 1996, and 1997 tax years.

(c) The Ohlins would pay the United States the outstanding balance

of the judgment against Ronald Ohlin ($110,000.00) within 18

months of acceptance of the offer;

(d) The Ohlins would be permitted to sell or mortgage the real

property to enable them to make the required payment;

(e) If the Ohlins did not make the payment required within 18

months of the acceptance of the offer, the United States could sell

the real property pursuant to a Court-entered Order of Foreclosure

and Decree of Sale.

See Smith Decl. at ¶9, Ex. 7.

9.  On August 5, 2004, a Stipulation was filed by counsel for the

United States and for Ronald and Beverly Ohlin providing that judgment would be entered against Ronald Ohlin and Beverly Ohlin in the amounts of $110,000.00 and $63,071.60 respectively. See Smith Decl. at ¶10, Ex. 8.

10.  On August 13, 2004, pursuant to the Stipulation of the parties, the United States District Court, District of Montana, Billings Division, entered judgment against Ronald Ohlin and Beverly Ohlin consistent with the amounts agreed to in the stipulation and settlement agreement. See Smith Decl. at ¶11, Ex. 9.

11.  On September 15, 2004, an Abstract of Judgment of Ohlin I was filed with the County Clerk of the State of Montana, County of Yellowstone.  See Smith Decl. at ¶12, Ex. 10.

12.  Defendants Ronald Ohlin and Beverly Ohlin have failed to make any payments to the United States as required by the terms of the settlement agreement reached in Ohlin I. See Declaration of William E. Thompson at ¶3.

D.    Other Potential Claims to Real Property

13.  The State of Montana, Department of Revenue ("State of Montana") has, or claims to have, an interest in the real property by

virtue of a Warrant of Distraint, dated May 24, 2004, in the amount of $20,973.00, and amended on March 26, 2007, in the amount of $24,876.03 (Dct. #12, at ¶3).

14.  The United States and the State of Montana have entered into a stipulation recognizing the superiority of the United States' claims, as stated in the complaint, to those of the State of Montana.  Id.

15.  On October 25, 2007, Portfolio Recovery Associates, LLC ("Portfolio Recovery"), obtained a judgment against Ronald and Beverly Ohlin in the amount of $7,146.39 in Montana State Court.  See Smith Decl. at ¶13, Ex. 11.

## III.   SUMMARY JUDGMENT STANDARD

Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  Material facts are those which may affect the outcome of the case.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party.  Id.

The party moving for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery, and affidavits which demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Cattrett, 477 U.S. 317, 323 (1986). Where the moving party will have the burden of proof on an issue at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party. Id. But on an issue for which the opposing party will have the burden of proof at trial, the moving party need only show "that there is an absence of evidence to support the nonmoving party's case." Id.

Once the moving party meets its initial burden, the opposing party "may not rely merely on allegations or denials in its own pleading; rather, its responses must – by affidavits or as otherwise provided in this rule – set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2). If the nonmoving party fails to make this showing, "the moving party is entitled to judgment as a matter of law." Celotex Corp., 477 U.S. at 323.

IV.   <u>DISCUSSION</u>

In moving for summary judgment, the United States describes the issues before the Court as follows:

1.  Whether the United States has valid and subsisting liens on the real property;

2. Whether the federal income tax liens and judgment lien related to the assessments and judgment at issue may be foreclosed upon;

3.  Whether the United States may foreclose upon the real property per the terms of the settlement agreement at issue; and

4.  Whether the United States' liens have priority over the claims of defendants State of Montana, and Portfolio Recovery.

A.   <u>Valid and Subsisting Liens on Real Property</u>

For the reasons that follow, the Court concludes that the United States has valid and subsisting federal tax liens and a judgment lien on the real property.   The United States has a lien in its favor on all property and rights to property when a person liable to pay any tax neglects or refuses to pay the tax after demand is made.  26 U.S.C. § 6321.  The tax lien attaches on the date the lien arises.  26 U.S.C. § 6322.

Here, the Ohlins own the real property.  Background Facts ("BF")

at ¶ 1.  The tax liens on the real property attached and were perfected on the dates of the tax assessments as reflected in the Certificates of Assessments, Payments and Other Specified Matters (Forms 4340) for the tax periods at issue.  BF at ¶¶2-4 (see e.g., Smith Decl. at ¶4, Ex. 2, pg. 3 (line reading "Return Filed & Tax Assessed" on Assessment Date "04-15-1991").  The federal tax liens became valid as against subsequent purchasers, holders of security interests, mechanics lien creditors and judgment lien creditors under 26 U.S.C. § 6323(a) when Notices of Federal Tax Lien were recorded with the Clerk and Recorder for Yellowstone County, Montana.  26 U.S.C. § 6323(a).  BF at ¶ 5.

Additionally, under 28 U.S.C. §3201, a judgment lien arises on the real property of the judgment debtor upon the filing of a certified copy of the abstract of the judgment.  Here, a judgment lien arose on the real property of the Ohlins in Yellowstone County on September 15, 2004, when a certified copy of the abstract of the judgment of <u>Ohlin I</u> was filed with the County Clerk of the State of Montana, County of Yellowstone, where the real property is located.  BF at ¶11.

B.     <u>Entitlement to Order of Foreclosure of Federal Tax Liens on</u>

-15-

the Real Property and a Decree of Sale

For the following reasons, the Court concludes that the United States is entitled to an Order of Foreclosure of the federal tax liens on the real property and also is entitled to a decree of sale.  "Once a federal lien attaches to taxpayers' property, the government may then foreclose upon the property."  United States v. Stonehill, 83 F.3d. 1156, 1160 (9th Cir. 1996).  26 U.S.C. § 7403 provides authority for the Court to order a judicial sale of the subject property to satisfy the unpaid tax liabilities:

> In any case where there has been a refusal or neglect to pay any tax, or to discharge any liability in respect thereof, whether or not levy has been made, the Attorney General or his delegate, at the request of the Secretary, may direct a civil action to be filed in a district court of the United States to enforce the lien of the United States under this title with respect to such tax or liability or to subject any property, of whatever nature, of the delinquent, or in which he has any right, title, or interest, to the payment of such tax or liability.

26 U.S.C. § 7403(a).

All parties "having liens upon or claiming any interest in the property involved in such action" have been named as defendants to this action as required by subsection (b) of section 7403.  Court Doc. 1 at ¶¶ 5-6.  Thus, the Court may adjudicate claims against the subject property, order a sale, and distribute the proceeds according to the priority of the

-16-

claims:

> The court shall, after the parties have been duly notified of
> the action, proceed to adjudicate all matters involved therein
> and finally determine the merits of all claims to and liens
> upon the property, and, in all cases where a claim or interest
> of the United States therein is established, may decree a sale
> of such property, by the proper officer of the court, and a
> distribution of the proceeds of such sale according to the
> findings of the court in respect to the interests of the parties
> and of the United States.

26 U.S.C. § 7403(c); see, e.g., United States v. Rodgers, 461 U.S. 677, 680

(1983) (family home sold under section 7403 to satisfy tax liens arising

from husband's tax liability).

Because it has been determined above that the United States has

valid and subsisting federal tax liens in the real property, the Court may

enter an order of foreclosure and judicial sale pursuant to 26 U.S.C. §

7403, and order disbursement of the proceeds upon application of the

claimants to the Court.

C.     Entitlement to Order of Foreclosure and Decree of Sale
       Pursuant to Terms of Ohlin I Settlement Agreement

The Court concludes that the United States is entitled to an Order

of Foreclosure and Decree of Sale under the terms of the settlement

agreement in Ohlin I.  "An agreement is binding if made by an

unconditional offer, and accepted unconditionally." <u>Hetherington v. Ford Motor Co.</u>, 849 P.2d 1039, 1042 (Mont. 1993).  Also, "a party to a settlement agreement is bound if he or she has manifested assent to the agreement's terms and has not manifested an intent not to be bound by that assent." <u>Lockhead v. Weinstein</u>, 81 P.3d 1284, 1287 (Mont. 2003).  Thus, "once the parties strike a settlement agreement, either may enforce it." <u>Carlson v. State Farm Mut. Auto Ins. Co.</u>,76 F. Supp.2d 1069, 1077 (D. Mont. 1999).

In the case before the Court, on March 6, 2001, the United States filed its complaint in <u>Ohlin I</u> in this Court against Ronald and Beverly Ohlin to reduce the federal tax assessments, described above, to judgment.  BF at ¶6.  In <u>Ohlin I</u>, the Ohlins entered into a binding and enforceable settlement agreement with the United States.  The Ohlins, through their attorney, sent the United States a proposed settlement ("offer letter") on July 14, 2004, offering to stipulate to judgment in the amounts $110,000.00 for Ronald Ohlin and $63,071.60 for Beverly Ohlin.  BF at ¶ 7.  The offer letter provided for an 18-month period in which the Ohlins could "sell or mortgage" the real property to be applied towards their tax liability.  Id.  Should the Ohlins not sell or mortgage the real

property "within 18 months after the date the offer is accepted, the United States [could] sell the real property pursuant to an Order of Foreclosure and Decree of Sale."  Id.

The United States accepted the offer letter through a letter on August 4, 2004 ("acceptance letter").  BF at ¶ 8.  Under the parties' agreement, "If the Ohlins do not make the payment required by paragraph 5 [the payment of Ronald Ohlin's tax liability] within 18 months of acceptance of the offer, the United States may sell the real property pursuant to an Order of Foreclosure and Decree of Sale."  Id.  18 months from August 4, 2004, is February 4, 2006.

Based on this agreement, the parties signed a stipulation on August 5, 2004, as to the amount of the judgment.  BF at ¶ 9.  This stipulation was filed with this Court on August 5, 2004.  Id.

On August 13, 2004, this Court entered judgment against Ronald Ohlin and Beverly Ohlin in the amounts of $110,000.00 and $63,071.60, respectively, plus interest to accrue.  BF at ¶ 10.  The Ohlins were required to make the required payment within 18 months of the acceptance of the offer (or February 4, 2006).  To date, the Ohlins have not made any payments on their outstanding tax liability.  BF at ¶ 12.

-19-

The clearly defined offer and acceptance constitute an enforceable and binding settlement agreement. The terms of the settlement agreement call for a foreclosure and judicial sale of the Ohlins' property for failure to remit payment. As the Ohlins have not paid, an order of foreclosure and judicial sale of the real property are appropriate.

D.   <u>Priority of United States's Liens Over Claims of State of Montana and Portfolio Recovery</u>

As noted, Defendant State of Montana Department of Revenue previously entered a stipulation consenting to entry of a Judgment, Decree of Foreclosure, and Order of Sale. Court Doc. 12. Also, the undersigned has recommended that the district court grant the United States's motion for default judgment against Defendant Portfolio Recovery Associates, LLC. Court Doc. 41. Thus, this issue is moot.

V.   <u>CONCLUSION</u>

Based on the foregoing, IT IS RECOMMENDED that the United States's Motion for Summary Judgment (Court Doc. 21) be GRANTED and that the Court: (1) issue an order of foreclosure and judicial sale on the real property under the terms of the settlement agreement in Ohlin I; (2) enter an order foreclosing the United States's judgment lien and tax

liens on the real property; and (3) order sale of the real property, with the proceeds deposited with the Court and disbursed pursuant to an application to the Court.

IT IS ORDERED that the Clerk shall serve a copy of these Findings and Recommendation of United States Magistrate Judge upon the parties.  The parties are advised that, under to 28 U.S.C. § 636, any objections must be filed with the Clerk of Court and copies served on opposing counsel within fourteen (14) days after receipt hereof, or objection is waived.

DATED this 7th day of December, 2009.

/S/ Carolyn S. Ostby
United States Magistrate Judge