IN THE UNITED STATES DISTRICT COURT

**FILED**

**JAN -6 2010**

FOR THE DISTRICT OF MONTANA

PATRICK E. DUFFY  CLERK
BY_____
Deputy Clerk

BILLINGS  DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CV-09-13-BLG-RFC-CSO |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | **AMENDED** |
| | ) | **ORDER ADOPTING FINDINGS** |
| | ) | **AND RECOMMENDATIONS OF** |
| RONALD and BEVERLY OHLIN; | ) | **MAGISTRATE JUDGE AND** |
| STATE OF MONTANA, DEPT. | ) | **ORDER FOR JUDICIAL SALE** |
| OF REVENUE; and PORTFOLIO | ) | |
| RECOVERY ASSOCIATES, LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

United States Magistrate Judge Carolyn Ostby has entered Findings and

Recommendations on the United States's Motion for Summary Judgment (*Doc. 21*).

*Doc. 45.* Judge Ostby recommends the motion be granted and that the Court

  (1)   issue an order of foreclosure and judicial sale on the real property
        under the terms of the settlement agreement in *United States v. Ohlin,*
        CV-02-31-BLG-RFC;

  (2)   enter an order foreclosing the United States's judgment lien and tax
        liens on the real property; and

  (3)   order sale of the real property, with the proceeds deposited with the
        Court and disbursed pursuant to an application to the Court.

1

Upon service of a magistrate judge's findings and recommendation, a party has 10 days to file written objections. 28 U.S.C. § 636(b)(1). The time for objection has expired and no objections have been filed. The failure to object waives all objections to the findings of fact, *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1999), but does not relieve this Court of its burden to review de novo the magistrate judge's conclusions of law. *Barilla v. Ervin*, 886 F.2d 1514, 1518 (9th Cir. 1989).

After a reviewing of the record and applicable law, this Court finds Magistrate Judge Ostby's Findings and Recommendation are well grounded in law and fact and adopts them in their entirety.

**IT IS HEREBY ORDERED** that the United States's Motion for Summary Judgment (*Doc. 21*) is **GRANTED:**

(1)   the United States' federal tax liens and judgment lien are  foreclosed and the subject property, described below, is to be sold pursuant to 28 U.S.C. § 2001. The property that is the subject of this suit is commonly known as 1856 S. 7th, Huntley, Montana, and bears the following legal description:

> South half of the Southeast Quarter of the Northwest Quarter
> (S½SE¼NW¼) and the East Half of the Southwest Quarter (E½SW¼)
> of Section twenty-one (21) and farm unit "G", according to the farm
> unit plat, which is also known as Lots eight (8) and thirteen (13) and
> the Southeast Quarter of the Southwest Quarter (SE¼SW¼) of
> Section sixteen (16) and the Northeast Quarter of the Northwest

Quarter (NE¼NW¼) and the North Half of the Southeast Quarter of
the Northwest Quarter (N½SE¼NW¼) of Section Twenty-one (21) all
in Township two (2), North of Range Twenty-eight (28) East, M.P.M.

Less: that Tract sold to the State of Montana, by Deed dated February
18, 1966, and recorded at Book 836, Page 256 at Doc #774523
of Records, Yellowstone County, Montana, on March 15, 1966,
located in the NE¼SW¼¼ and SE¼NW¼ of Section 21, T2N,
R28E, Montana Principal Meridian, Yellowstone County,
Montana.

Less: Tract 1, Certificate of Survey 1317;

Less: Certificate of Survey 1508 Subject to the reservations and exceptions in
any patent, and subject to valid easements, rights-ofway, building and use
restrictions, taxes and assessments for this and subsequent years.

(2)     The United States Marshal for the District of Montana, his/her

representative, or an Internal Revenue Service Property Appraisal and Liquidation

Specialist ("PALS"), is authorized and directed under 28 U.S.C. §§ 2001 and 2002

to offer for public sale and to sell the Property. The United States may choose

either the United States Marshal or a PALS to carry out the sale under this order

and shall make the arrangements for any sale as set forth in this Order.

(3)     The Marshal, his or her representative, or a PALS representative is

authorized to have free access to the Property and to take all actions necessary to

preserve the Property, including, but not limited to, retaining a locksmith or other

person to change or install locks or other security devices on any part of the

property, until the deed to the Property is delivered to the ultimate purchaser.

(4)     The terms and conditions of the sale are as follows:

a.      the sale of the Property shall be free and clear of the interests of

Ronald Ohlin, Beverly Ohlin, the State of Montana Department of

Revenue, and Portfolio Recovery Associates, LLC.

b.      the sale shall be subject to building liens, if established, all laws,

ordinances, and governmental regulations (including building and

zoning ordinances) affecting the Property, and easements and

restrictions of record, if any;

c.      the sale shall be held at the courthouse of the county or city in

which the Property is located, on the Property's premises, or at any

other place in accordance with the provisions of 28 U.S.C. §§ 2001

and 2002;

d.      the date and time for sale are to be announced by the United

States Marshal, his/her representative, or a PALS;

e.      notice of the sale shall be published once a week for at least four

consecutive weeks before the sale in at least one newspaper regularly

issued and of general circulation in Yellowstone County, and, at the

discretion of the Marshal, his/her representative, or a PALS, by any

4

other notice deemed appropriate. The notice shall contain a description

of the property and shall contain the terms and

conditions of sale in this order of sale;

f.       The minimum bid will be set by the Internal Revenue Service. If

the minimum bid is not met or exceeded, the Marshal, his or her

representative, or a PALS may, without further permission of this

Court, and under the terms and conditions in this order of sale, hold a

new public sale, if necessary, and reduce the minimum bid or sell to the

second highest bidder;

g.       the successful bidder(s) shall be required to deposit at the time

of the same with the Marshal, his/her representative, or a PALS a

minimum of ten percent of the bid, with the deposit to be made by

certified or cashier's check or cash payable to the United States District

Court for the District of Montana.

Before being permitted to bid at the sale, bidders shall display to

the Marshal, his/her representative, or a PALS proof that they are able

to comply with this requirement. No bids will be received from any

person(s) who have not presented proof that, if they are the successful

bidders(s), they can make the deposit required by this order of sale;

h.     the balance of the purchase price for the Property is to be paid to the United States Marshall or a PALS (whichever person is conducting the sale) within 20 days after the date the bid is accepted, by a certified or cashier's check payable to the United States District Court for the District of Montana. If the bidder fails to fulfill this requirement, the deposit shall be forfeited and shall be applied to cover the expenses of the sale, including commissions due under 28 U.S.C. § 1921(c), with any amount remaining to be applied to the income tax liabilities of Ronald Ohlin at issue herein. The realty shall be again offered for sale under the terms and conditions of this order of sale. The United States may bid as a credit against its judgment without tender of cash;

i.     the sale of the property shall be subject to confirmation by this Court. The Marshal or a PALS shall file a report of sale with the Court, together with a proposed order of confirmation of sale and proposed deed, within 20 days from the date of receipt of the balance of the purchase price;

j.     on confirmation of the sale, the Marshal or PALS shall execute and deliver a deed of judicial sale conveying the property to the purchaser;

k. on confirmation of the sale, all interests in, liens against, or

claims to, the property that are held or asserted by all parties to this

action are discharged and extinguished;

l. on confirmation of the sale, the recorder of deeds, for

Yellowstone County, Montana shall cause transfer of the property to

be reflected upon that county's register of title; and

m. the sale is ordered pursuant to 28 U.S.C. § 2001, and is made

without right of redemption.

(5) Until the property is sold, Ronald Ohlin and Beverly Ohlin shall take

all reasonable steps necessary to preserve the property (including all buildings,

improvements, fixtures and appurtenances on the property) in its current condition

including, without limitation, maintaining a fire and casualty insurance policy on the

property. They shall neither commit waste against the property nor cause or permit

anyone else to do so. They shall neither do anything that tends to reduce the value or

marketability of the property nor cause or permit anyone else to do so.

The defendants shall not record any instruments, publish any notice, or take

any other action (such as running newspaper advertisements or posting signs) that

may directly or indirectly tend to adversely affect the value of the property or that

may tend to deter or discourage potential bidders from participating in the public

auction, nor shall they cause or permit anyone else to do so.

(6)     All persons occupying the property shall leave and vacate the property permanently within 30 days of the date of this Order, each taking with them his or her personal property (but leaving all improvements, buildings, fixtures, and appurtenances to the property). If any person fails or refuses to leave and vacate the property by the time specified in this Order, the United States Marshal's Office, alone, is authorized to take whatever action it deems appropriate to remove such person from the premises, whether or not the sale of such property is being conducted by a PALS. If any person fails or refuses to remove his or her personal property from the property by the time specified herein, the personal property remaining on the property thereafter is deemed forfeited and abandoned, and the United States Marshal's Office is authorized to remove it and to dispose of it in any manner it deems appropriate, including sale, in which case the proceeds of the sale are to be applied first to the expenses of sale and the balance to be paid into the Court for further distribution.

The proceeds arising from sale are to be paid to the Clerk of this Court and applied as far as they shall be sufficient to the following items, in the order specified:

a.　　To the United States Marshal or the PALS (whichever person conducted the sale as arranged by the United States) for the costs of the sale;

b.　　To any taxes unpaid and matured that are owed to (county, borough or school district) for real property taxes on the property;

c.　　Any balance remaining after the above payments shall be held by the Clerk until application is made of the Court.

The Clerk of Court shall notify the parties of the entry of this Order and enter judgment accordingly.

DATED the 6th day of January 2010.

RICHARD F. CEBULL
UNITED STATES DISTRICT JUDGE