IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CV-09-13-BLG-RFC-CSO |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATIONS OF U.S. MAGISTRATE JUDGE |
| RONALD and BEVERLY OHLIN; STATE OF MONTANA, DEPT. OF REVENUE; and PORTFOLIO RECOVERY ASSOCIATES, LLC, | |
| Defendants. | |

Plaintiff United States of America initiated this action on February 12, 2009, to foreclose federal tax liens and judgment liens on certain real property in Yellowstone County, Montana. Cmplt. (Court Doc. 1) at 2. The Court has jurisdiction under 26 U.S.C. § 7402(a) and 28 U.S.C. §§ 1340 and 1345.

On January 6, 2010, Chief Judge Cebull ordered that the United States' Motion for Summary Judgment be granted (Court Doc. 49) and the Clerk of Court entered judgment accordingly (Court Doc. 50).

On January 11, 2010, Ronald and Beverly Ohlin, acting pro se, filed a document titled "Notice of Motion and Motion To: Dismiss

Plaintiffs Motion For Summary Judgment." Court Doc. 51.

On January 22, 2010, the United States filed its response to the Ohlins' motion to dismiss Plaintiff's motion for summary judgment. Court Doc. 52.

On February 9, 2010, the Ohlins filed a document titled "Defendants' Refusal of Order of the Court Dated 6 January 2010 for Fraud & Notice of Payment of Alleged Debt." Court Doc. 53.[1] The Court has considered this document and the Ohlins' accompanying affidavits in rendering a recommendation with respect to the Ohlins' motion to dismiss the US' summary judgment motion.

For reasons explained below, the Court recommends that the Ohlins' motion to dismiss the United States' summary judgment motion be denied.

I. BACKGROUND

The background of this action has been thoroughly set forth in prior orders. See Order Denying Motion for Leave to File Amended

_____

[1]This document is unsigned and undated. It is accompanied by the signed and notarized Affidavit of Ronald Ohlin and the signed and notarized Affidavit of Beverly Ohlin.

Answer (Court Doc. 44); Findings and Recommendations (Court Doc. 45). The Court will repeat the background here only as necessary to explain the Court's recommendation.

## II. DISCUSSION

### A. The Objections Come Too Late

The Ohlins' motion should be denied because their objections to the Motion for Summary Judgment come too late. They were given ample opportunity both to find counsel to represent them and to respond substantively to the United States' Motion for Summary Judgment. They failed to do so within the time allowed by the governing rules or within the extensions of time the Court afforded them. See Court Doc. 38, 41. Also, they chose not to file any objections to the Court's recommendation that the Motion for Summary Judgment be granted. As noted, Chief Judge Cebull granted the summary judgment motion and the Clerk of Court has entered judgment accordingly. Any substantive objections come too late, unless they are permitted by Fed. R. Civ. P. 60, upon which the Ohlins rely.

### B. Rule 60 Does Not Apply

The Ohlins cite Fed. R. Civ. P. 60(b)(6) and refer to "the inherent

power of this court to do justice" in support of their motion to dismiss. In light of the citation to Rule 60(b)(6) and the reference to the court's inherent power to do justice, the Court assumes that the Ohlins wish to seek relief from the judgment that has been entered.

Rule 60(b)(6) provides: "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: .... (6) any other reason that justifies relief." This catch-all provision, however, does not allow a party to raise post-judgment arguments that could have been raised earlier. The Ninth Circuit recently held: "Relief under Rule 60(b)(6) will not be granted unless the moving party is able to show both injury and circumstances beyond its control prevented timely action to protect its interest." <u>Gardner v. Martino</u>, 563 F.3d 981, 991 (9th Cir. 2009).

The Court has carefully reviewed the Ohlins' "Notice of Motion and Motion To: Dismiss Plaintiffs Motion For Summary Judgment" (Court Doc. 51) and "Defendants' Refusal of Order of the Court Dated 6 January 2010 for Fraud & Notice of Payment of Alleged Debt" (Court Doc. 53). Having done so, the Court finds nothing in them showing "circumstances beyond [the Ohlins'] control [that] prevented timely

-4-

action to protect [their] interest." <u>Gardner</u>, 563 F.3d at 991.  It is true that, in the affidavits attached to their most recent filing, the Ohlins state that they "neglected to raise" the argument that they "never received any oath or affirmation, subscribed and sworn to by a person having personal knowledge of any alleged facts pertaining to alleged Subtitle A income taxes owed by [them], in connection with" the underlying case or this case because they are "unschooled in the law." See Court Docs. 53-1 at ¶ 2 and 53-2 at ¶ 2.  It is equally true, however, that the Court afforded them ample opportunity to retain counsel and/or to appear pro se to defend against the United States' motion. They failed to do either.

Also, that they have now raised lengthy, detailed arguments challenging the government's authority to tax them and "all American citizens[,]" Ohlins' Mtn. at ¶ 7, indicates to the Court that they were capable of raising such arguments when the summary judgment motion was pending and had not already been decided.[2]  Their failure to do so

---

[2]The Court notes that some, if not most, of the Ohlins' arguments are available in prepared briefs or memoranda on the Internet.  Compare Ohlins' Mtn. (Court Doc. 51) at ¶ 10 with www.tax-freedom.com/TaxPage.pdf.

in the ample time afforded them for their stated reason does not constitute the type of extraordinary circumstances necessary to obtain relief under Fed. R. Civ. P. 60(b)(6).

C. Rule 59 Does Not Apply

The Ohlins do not cite Fed. R. Civ. P. 59, which allows a court to alter or amend it judgment. Nonetheless, the Court has considered whether relief is available to the Ohlins under Rule 59. After reviewing the Ohlins' motion, the Court concludes that no grounds have been stated for relief under Rule 59.

A district court may alter or amend judgment under Rule 59(e) if "(1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law." Duarte v. Bardales, 526 F.3d 563, 567 (9th Cir. 2008) (citing Zimmerman v. City of Oakland, 255 F.3d 734, 740 (9th Cir. 2001)).

The rule permits a court to vacate a judgment rather than merely amend it. Foman v. Davis, 371 U.S. 178, 181 (1962); Ortiz v. Gaston County Dyeing Machine Co., 277 F.3d 594, 597 n.1 (1ˢᵗ Cir. 2002)

(citation omitted).  One purpose of Rule 59(e) is "to allow the district court to correct its own errors, sparing the parties and appellate courts the burden of unnecessary appellate proceedings."  <u>Howard v. United States</u>, 533 F.3d 472, 475 (6th Cir. 2008) (quoting <u>Charles v. Daley</u>, 799 F.2d 343, 348 (7th Cir. 1986)).

A Rule 59(e) motion is a proper vehicle to seek reconsideration of a summary judgment.  <u>School Dist. No. 1J, Multnomah County, Ore. v. ACandS</u>, Inc. 5 F.3d 1255, 1262 (9th Cir. 1993).  The decision whether to alter or amend a judgment is generally committed to the court's discretion.  <u>Id</u>. (citing <u>Fuller v. M.G. Jewelry</u>, 950 F.2d 1437, 1441 (9th Cir. 1991); <u>Backlund v. Barnhart</u>, 778 F.2d 1386, 1388 (9th Cir. 1985)).  Reconsideration of a judgment after its entry is an extraordinary remedy, however, which should be used sparingly.  <u>Carroll v. Nakatani</u>, 243 F.3d 934, 945 (9th Cir. 2003).

Here, the Ohlins have presented no newly discovered evidence.  Although, in their recently-filed "Refusal of Order of the Court," Court Doc. 53, they accuse the United States, "through the willing cooperation of this Honorable Court," of fraud, they provide no factual support for this allegation.

Second, there is no indication, for reasons already discussed, that the district court committed clear error or made an initial decision that was manifestly unjust.  The Court has examined the Ohlins' legal arguments and believes they lack merit.

Finally, the Ohlins have pointed to no change in controlling law that would affect the Court's decision.  Also, the Court's own research has failed to reveal any change in controlling law that would alter the Court's earlier decision.

For all of the foregoing reasons, the Court declines to recommend that the Judgment be altered or amended.

## III.   CONCLUSION

Based on the foregoing, IT IS RECOMMENDED that the Ohlins' Motion to Dismiss Plaintiff's Motion for Summary Judgment (Court Doc. 51) be DENIED.

IT IS ORDERED that the Clerk shall serve a copy of these Findings and Recommendation of United States Magistrate Judge upon the parties. The parties are advised that, under to 28 U.S.C. § 636, any objections must be filed with the Clerk of Court and copies served on opposing counsel within fourteen (14) days after receipt hereof, or

objection is waived.

DATED this 10th day of February, 2010.

/s/ Carolyn S. Ostby
United States Magistrate Judge