IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> RONALD and BEVERLY OHLIN; STATE OF MONTANA, DEPT. OF REVENUE; and PORTFOLIO RECOVERY ASSOCIATES, LLC, <br><br> Defendants. | CV-09-13-BLG-RFC-CSO <br><br> <u>FINDINGS AND RECOMMENDATIONS OF U.S. MAGISTRATE JUDGE</u> |

Plaintiff United States of America ("United States") initiated this action on February 12, 2009, to foreclose federal tax liens and judgment liens on certain real property in Yellowstone County, Montana. Cmplt. (Court Doc. 1) at 2. Judgment was entered in favor of the United States on January 6, 2010. Court Doc. 50. The Ohlin Defendants ("Ohlins") filed a Notice of Appeal on February 9, 2010. Court Doc. 54.

Now pending before the Court is the Ohlins' Motion to Stay Pending Appeal. The Court recommends that the Ohlins' Motion to Stay

be denied because the Ohlins again failed to comply with Local Rule 7.1(c)(1) and because they have not filed a supersedeas bond.

## I. DISCUSSION

Fed.R.Civ.P. 62(d) controls the procedure for seeking a stay pending appeal to a circuit court:

> If an appeal is taken, the appellant may obtain a stay by supersedeas bond, except in an action described in Rule 62(a)(1)(2). The bond may be given upon or after filing the notice of appeal or after obtaining the order allowing the appeal. The stay takes effect when the court approves the bond.

In a case factually very similar to this case, a district court denied the defendants' motion to stay the effect of the summary judgment in favor of the United States because the defendants had failed to post a supersedeas bond in a sufficient amount. United States v. Cowan, 535 F.3d 1135, 1147-48 (D. Ha. 2008). Citing United States v. Goltz, 2007 WL 295558 at *2 (W.D. Tex. 2007), the Cowan court held that to obtain a stay in this context the defendants must post a bond which equals 120% of the outstanding tax liability. Because the Ohlins have not offered to post any bond, the motion to stay should be denied.

Citing Textile Unlimited, Inc. v. A..BMH and Co., 240 F.3d 781, 786 (9th Cir. 2001), the Ohlins submit that the Court must consider and

balance four factors to determine if a stay pending appeal is warranted: (1) the likelihood of success on appeal; (2) the threat of irreparable harm to the moving party absent a stay; (3) the prospect of harm to others if the stay is granted; and (4) whether a stay would serve the public interest.  Ohlin's Br. (Court Doc. 59) at 2.  To the extent that the Ohlins are seeking a discretionary stay without posting a bond, the Court concludes that they have failed to satisfy these factors.  As in Goltz above, the Ohlins have minimal likelihood of success on the merits because they have advanced frivolous legal arguments that have been universally rejected by every court to consider them.  No public interest would be vindicated by granting a discretionary stay.

II.   CONCLUSION

Based on the foregoing, IT IS RECOMMENDED that the Ohlins' Motion to Stay (Court Doc. 59) be DENIED.

IT IS ORDERED that the Clerk shall serve a copy of these Findings and Recommendation of United States Magistrate Judge upon the parties. The parties are advised that, under to 28 U.S.C. § 636, any objections must be filed with the Clerk of Court and copies served on opposing counsel within fourteen (14) days after receipt hereof, or

objection is waived.

DATED this 23rd day of April, 2010.

>/s/ Carolyn S. Ostby
>United States Magistrate Judge